**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| WAYNE FINNEY, | : | **Hon. Robert B. Kugler** |
|  | : |  |
| Petitioner, | : | Civil No. 09-2760 (RBK) |
|  | : |  |
| v. | : |  |
|  | : |  |
| FED. BUREAU OF PRISONS, et al.,, | : | **MEMORANDUM OPINION** |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**APPEARANCES:**

WAYNE FINNEY, #06601-068
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320-0420
Petitioner Pro Se

1.  On or about June 8, 2009, Wayne Finney, an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that "[t]he BOP is denying petitioner eligibility to obtain incentive after successful completion of the program based on Program Statement 3621(e)(2)(B) that was implemented in violation of the Administrative Procedure Act (APA)."  (Pet. at p. 2.)  Petitioner acknowledges that he received a two level sentencing enhancement on October 6, 2000, based on possession of a firearm.  (Id.) He further "admits that he has not exhausted his administrative remedies in this matter [because doing so] will be a futile delay in this matter."  (Id. at p. 1.)  Petitioner does not indicate whether any official at FCI Fairton has issued a determination that he is not eligible for the early release incentive for successful completion of a residential substance abuse treatment program pursuant

to 18 U.S.C. § 3621(e)(2)(B).  Petitioner merely contends that "BOP has come to the conclusion

that a two (2) level gun enhancement pursuant to 2D.1(b)(1) fits a criteria of a violent offense."

(Pet. at p. 3.)  He asks this Court "to adopt the ninth circuit decision in <u>Arrington v. Daniels</u>, 516

F. 3d 1106 (9th Cir. 2008)."  (<u>Id.</u>)

     2.  Congress requires the BOP to "make available appropriate substance abuse treatment

for each prisoner the Bureau determines has a treatable condition of substance addiction or

abuse." [1]  18 U.S.C. § 3621(b)(5).  To carry out this mandate, the statute further provides:

> (e) **Substance abuse treatment**.--
>
> **(1) Phase-in.**–In order to carry out the requirement of the last
> sentence of subsection (b) of this section, that every prisoner with a
> substance abuse problem have the opportunity to participate in
> appropriate substance abuse treatment, the Bureau of Prisons shall .
> . . provide residential substance abuse treatment (and make
> arrangements for appropriate aftercare) . . . for all eligible prisoners
> by the end of fiscal year 1997 and thereafter, with priority for such
> treatment accorded based on an eligible prisoner's proximity to
> release date.
>
> **(2) Incentive for prisoners' successful completion of treatment
> program.**
>
>   **(A) Generally.**  Any prisoner who, in the judgment of the
> Director of the Bureau of Prisons, has successfully completed a
> program of residential substance abuse treatment provided under
> paragraph (1) of this subsection, shall remain in the custody of the
> Bureau under such conditions as the Bureau deems appropriate . . .
>
>   **(B) Period of custody.**  The period a prisoner convicted of a
> nonviolent offense remains in custody after successfully
> completing a treatment program may be reduced by the Bureau of
> Prisons, but such reduction may not be more than one year from
> the term the prisoner must otherwise serve.

---

[1] Congress authorized such sums as may be necessary to carry out this requirement
through the year 2011.  <u>See</u> 18 U.S.C. § 3621(e)(4).

18 U.S.C. §§ 3621(e)(1)(C), 3621(e)(2).

3. The Habeas Rules require the assigned judge to review a habeas petition upon filing and to <u>sua</u> <u>sponte</u> dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

4. The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not

3

entitled to relief in district court," the court must summarily
dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856

(1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

    5.  The BOP's Administrative Remedy Program is a three-tier process available to

inmates confined in institutions operated by the BOP who "seek formal review of an issue

relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate must generally

attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. §

542.13.  If the issue is not informally resolved, then the inmate may submit a request for

administrative remedy (BP-9) to the Warden.  See 28 C.F.R. § 542.14.  An inmate who is

dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an

inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in

the Central Office (BP-11).  See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the

final administrative appeal.  Id.  The regulations further provide that the Warden shall respond

within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the

General Counsel shall respond within 40 calendar days.  See 28 C.F.R. § 542.18.  And the

regulation provides that if the inmate does not receive a response within the time allotted for

reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

    6.  Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal

prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas

corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see

also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d

4

1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

7.   Petitioner admits that he did not exhaust administrative remedies.  (Pet. at p. 1.)  He maintains that he should be excused from pursuing administrative relief because it will cause "a futile delay."  (Id.)   However, Petitioner has provided no basis to substantiate his conclusion that exhaustion would be futile.  Moreover, Petitioner has not even indicated that the Warden of FCI Fairton, or any other official, has issued a written determination finding him ineligible for the early release incentive.  Under these circumstances, there is no administrative determination, final or otherwise, for this Court to review.

8.   This Court sees no reason to excuse Petitioner's failure to exhaust the BOP's administrative remedy program.  See Brown v. Grondolsky, 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that exhaustion was unavailable and futile); Huggins v. Grondolsky, 2009 WL 2413658 (D.N.J. Aug. 4, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that the time sensitive nature of CCC placement excused failure to exhaust); Cooper v. Grondolsky, 2009 WL 2049168 (D.N.J. July 8, 2009) (same); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of

administrative remedies is ever required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

9.  Because Petitioner failed to exhaust administrative remedies and Petitioner has not shown why the failure to exhaust administrative relief should be excused, this Court will dismiss the Petition for failure to exhaust administrative remedies.  Id. The dismissal is without prejudice to the filing of a new § 2241 petition after Petitioner exhausts administrative relief.  See Lindsay v. Williamson, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

10.  An appropriate Order accompanies this Memorandum Opinion.


 s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    October 6,    2009